WILLIAM HALL v. SAMUEL W. PECKHAM.

Monies received by an assignee under a voluntary assignment, for goods pur-
chased by the assignor under fraudulent representations and with intent not to
pay therefor, may be recovered of the assignee by the original vendor, in an
action for money had and received to his use. Nor is it necessary, before com-
mencing suit, to make demand of such goods or of such monies, nor to restore
or to offer to restore any promissory notes given for such goods, it being suffi-
cient to produce them at the trial, to be impounded, as ruled in *Duval & Ingle-
hart* v. *Mowry*, 6 R. I. 479.

In an action of assumpsit for the proceeds of goods obtained by fraud, brought
by the vendor against the assignee of the fraudulent vendee, it not appearing
that the defendant had been at all prejudiced by the plaintiff's delaying suit
for nearly a year after the obtaining of the goods, it cannot be adjudged error
on the part of the judge trying the cause, that he refused to charge, as matter
of law, that the plaintiff was estopped, by such delay, from prosecuting his suit.

MOTION for a new trial of an action of assumpsit, tried in this
Court before Justice Durfee, with a jury, at the March term, 1866.

The action was brought to recover from the defendant certain
monies, admitted to have been in his hands, in his character of
assignee of one Philip A. Doyle, at the commencement of the
suit; and among the facts in proof, or agreed, were these, viz.:
That said Philip A. Doyle, on the 30th of December, 1863, vol-
untarily assigned all his property to one James Doyle, for the
benefit of his creditors; that afterwards (March 7th, 1864), on
the petition of the plaintiff and others of said Doyle's creditors,
said James Doyle was, by this Court, removed from his office of
assignee of said Philip A., and this defendant appointed in his
stead; and that said James, on his removal, paid over to this
defendant the monies in his hands, received by him for property
sold by him a few weeks after the assignment, including certain
merchandize originally purchased by said Philip A. of the plain-
tiff, between the 26th day of November and the 24th day of De-
cember, 1863; and that no demand, either for said goods or the
proceeds of them, had ever been made by the plaintiff upon the
defendant, or his predecessor, prior to the service of the writ in
this case, which bore date the 15th of October, 1864. The plain-
tiff alleged — and submitted evidence to show — that the said

Philip A. Doyle obtained possession of the said goods by means of fraudulent representations, and with an intent not to pay for them, and upon the proofs and admissions, claimed a verdict for the amount received as aforesaid by James Doyle for the goods thus obtained, and by him paid over to the defendant, $1,432.27 in amount. The notes of said Doyle, held by the plaintiff, were impounded in Court at the trial.

The jury returned a verdict for the plaintiff, whereupon the defendant filed exceptions to certain of the Judge's instructions, and, for alleged error therein, asked a new trial. The exceptions are substantially embodied in the three specifications submitted by the defendant's counsel in his argument.

*Payne, for the defendant:*—

A new trial is asked by the defendant in this cause—

I. . Because the Court ruled that the plaintiff could maintain this action without proving that the defendant had expressly promised to pay to him the proceeds of the goods in question. The goods in question were assigned by Philip A. Doyle to James Doyle, and, by James Doyle, sold with the knowledge and assent of the plaintiff, and the proceeds were, by James Doyle, paid over to the defendant. When the plaintiff permitted the sale of the goods by James Doyle, he elected to treat the sale to Philip A. Doyle as valid, and cannot now be permitted to say that it was not, and therefore there can be no implied promise on the part of the petitioner to pay the proceeds to the plaintiff, and no express promise is pretended.

II. Because the Court ruled that the plaintiff could maintain this action without proof of a previous demand of the proceeds in question, by the plaintiff, of the defendant. The goods in question came lawfully to the possession of Philip A. Doyle and of James Doyle, and the plaintiff could not have maintained replevin for the goods, or trover for their value, against either, without previous notice and demand. *A fortiori*, he cannot maintain assumpsit against the plaintiff without notice and demand. *Duval & Inglehart* v. *Mowry*, 6 R. I. 484.

III. Because the Court charged the jury, that it was the plaintiff's duty to elect, within a reasonable time after the dis-

covery of the fraud, whether he would or would not confirm the sale, and that any unreasonable delay in that particular was evidence of an election not to confirm the sale, and left it for the jury to say whether he had elected to confirm the sale. Whereas, the Court should have instructed the jury that, under the admitted facts in this case, it was a conclusive presumption of law that the plaintiff had elected to confirm the sale.

IV.   Because, in finding that the plaintiff did not elect to confirm the sale, the verdict was against the evidence and the weight thereof.

*Eames, for the plaintiff:*—

I.   The money in the defendant's hands, arising from the sale, by the assignee of P. A. Doyle, of the plaintiff's goods, obtained by P. A. Doyle by fraudulent representations, belonged to the plaintiff; and, without any express promise by the defendant, the law implies a promise, on his part, to pay it over to the plaintiff. *Fahenstock & Co.* v. *Baily & Varnon*, 3 Met. (Ky.) 48; *McQueen et al.* v. *State Bank*, 2 Ind. 413; *Lockwood* v. *Kilsea*, 41 N. H. 185, 188; *Wilson* v. *Sergeant*, 12 Ala. 778; *Hawley* v. *Lage*, 15 Conn. 52; *Ex parte Wendell, assignee of Brown*, 2 Story U. S. C. C. 360; *Palmer* v. *Thayer*, 28 Conn. 237; *Ratcliffe* v. *Longston*, 18 Md. 383, 390, 391.

II.   No demand for the money in the defendant's hands, other than the demand made by the service of the writ, was necessary. A demand in this case, upon the defendant, at any time when the funds are within his control, is sufficient. *Fahnestock & Co.* v. *Baily & Varnon*, 3 Met. (Ky.) 48; *Thurston* v. *Blanchard*, 22 Pick. 18; *Hawley* v. *Lage*, 15 Conn. 52; *Hunter* v. *Hudson River Iron, &c., Co.* 20 Barb. 499.

III.   The impounding in court, at the opening of the plaintiff's case upon the trial, of the notes of P. A. Doyle, payable to the order of the plaintiff and received by him for his goods fraudulently obtained by P. A. Doyle, was the only tender of the notes required to be made to enable the plaintiff to maintain his action.   There is no pretence that either Doyle or his creditors have suffered any injury by the plaintiff's retention of the notes until they were impounded in Court,   *Duval & Inglehart*

v. *Mowry*, 6 R. I. 479, 483, *et seq.*; *Gatling* v. *Newell et al.* 9 Ind. 572–577; *Fraschievis* v. *Henriques et al.* 36 Barb. 276; *Thurston* v. *Blanchard*, 22 Pick. 18.

IV.  The instructions of the Court, upon the question of the plaintiff being estopped by his acts to claim the proceeds of the goods, was, in all respects, correct.  *Gatling* v. *Newell et al.* 9 Ind. 572, 578; *Downer* v. *Smith*, 32 Vt. 1; *Taymon* v. *Mitchell*, 1 Md. Ch. 496; *Duval & Inglehart* v. *Mowry*, 6 R..I. 484.

V.  The evidence fully sustains the verdict.  1. It is clearly established by the weight of evidence that the goods were obtained of the plaintiff by the false and fraudulent representations of P. A. Doyle, and also that he purchased the goods with the intent not to pay for them.  2. The plaintiff disaffirmed the contract within a reasonable time after discovering the fraud. The fraud was not discovered until after the assignment.  The goods were sold by the assignee within two weeks of the assignment, and the action was brought before the assignee had parted with the money arising from the sale.

DURFEE, J., delivered the opinion of the court.

1.  The defendant, being in the place of the voluntary assignee of Philip A. Doyle, could have no better right to the property assigned than Doyle himself.  Doyle, according to the finding of the jury, was a fraudulent purchaser, and therefore held the property subject to the right of the plaintiff to disaffirm the sale and reclaim it.  Subject to this right it passed to the assignee, and when the assignee sold it, the proceeds were in his hands subject to the same right, and so likewise passed into the hands of the defendant.  The plaintiff having chosen to disaffirm the sale, those proceeds were thenceforth monies in the defendant's hands belonging to the plaintiff, and we see no reason why the plaintiff should not, according to the general rule in such a case, be entitled to recover them, in an action of assumpsit, on an implied promise on the part of the defendant to pay them over to him.

2.  The defendant contends that the plaintiff could not maintain trover or replevin without a previous demand, and that therefore he cannot, without such demand, maintain assumpsit.

But we do not think such demand would be necessary even in trover or replevin. The law on this point is laid down in *Thurston* v. *Blanchard*, 22 Pick. 18. The plaintiff in that case sued in trover for goods sold on fraudulent representations, and it was objected that the suit could not be maintained without previous demand. But the Court held the contrary, and Shaw, C. J., delivering the opinion, said: "Such demand and a refusal to deliver are evidence of a conversion when the possession of the defendant is not tortious, but where the goods have been tortiously obtained, the fact is sufficient evidence of conversion. Such a sale, obtained under false and fraudulent representations, may be avoided by the vendor, or he may insist that no title passed to the vendee, or any person taking under him, other than a *bona fide* purchaser for value and without notice, and in such a case the plaintiff may maintain replevin or trover for his goods." In this case the conversion is proved, not only by the fraudulent purchase of the goods, but also by their subsequent sale by the assignee of the purchaser. Neither do we think it was necessary that the notes given by Doyle should have been tendered to the defendant before commencing the action. It was sufficient, as decided in *Duval & Inglehart* v. *Mowry*, 6 R. I. Rep. 479, that they were produced to be impounded at the trial.

3. Inasmuch as the money for which this suit was brought was still in the defendant's hands at the commencement thereof, and there is no evidence that he had been, in any way, prejudiced by the plaintiff's delay in bringing it, we do not think it was error in the Judge who tried the case, to refuse to rule, as a matter of law, that the plaintiff was estopped from prosecuting his claim for the money in question.

4. We do not think the verdict is so palpably erroneous as to entitle us to set it aside.

*Motion dismissed.*